| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 9:11-CR-18(1) |
| | § | |
| DAVID OVERDORF | § | |

**MEMORANDUM & ORDER**

Pending before the court is Defendant David Overdorf's ("Overdorf") *Pro Se* Motion for Early Termination of Supervised Release (#28). After reviewing the motion, the submissions of the parties, and the applicable law, as well as consulting with Probation, the court is of the opinion that Overdorf's motion should be denied.

On October 23, 2012, Overdorf was sentenced by this court to five years' probation for disposal of hazardous waste without a permit, in violation of 42 U.S.C. § 6928(d)(2)(A), based on a plea agreement. Doc. Nos. 24, 27, 25. As part of his term of probation, the court imposed several conditions related to remediation of the affected property.[1] *Id*. On June 12, 2017, Overdorf filed the instant motion seeking early termination of his probation, which expires on October 22, 2017. In his motion, Overdorf contends that he has complied with all the conditions of his probation and that early termination is warranted.

Title 18, United States Code, Section 3564(c) authorizes a district court, after considering the factors set forth in § 3553(a), to "terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time

---

[1] These conditions were also set forth in Overdorf's plea agreement.

after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice."[2]  18 U.S.C. § 3564(c).

In this instance, the court finds early termination of Overdorf's probation unwarranted. Although Overdorf has substantially complied with the conditions of his probation, which is commendable, he has not yet obtained a Certificate of Completion from the Texas Commission on Environmental Quality ("TCEQ").  Remediation efforts are still ongoing under the supervision of the TCEQ.  Moreover, based on Overdorf's favorable plea agreement and sentence as well as the nature and circumstances of the offense, early termination is not in the interest of justice.  *Cf. United States v. Mathis-Gardner*, 110 F. Supp. 3d 91, 93-94 (D.D.C. 2015); *United States v. McClain*, No. 99-CR-93, 2009 WL 854107, at *1 (E.D. Wis. Mar. 30, 2009) (noting that while district courts enjoy considerable discretion in determining when the interests of justice warrant early termination from supervised release, "courts have consistently declined to grant such relief just because the defendant has complied with his conditions").  In the court's view, requiring Overdorf to complete his agreed-upon sentence of probation reflects the seriousness of his offense and will serve as just punishment, promote respect for the law, and deter future violations of the law.  Accordingly, Overdorf's motion is DENIED.

---

[1] Section 3553(a) directs courts to consider:  the nature and circumstances of the offense and the defendant's history and characteristics; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; the need to provide restitution to the victim; and the need to avoid unwarranted disparities among similar defendants.  *See* 18 U.S.C. § 3553(a).

SIGNED at Beaumont, Texas, this 7th day of July, 2017.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE